UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD V. YOUNG, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:   19-2144 (RC) |
| | : | |
| v. | : | Re Document No.:   55 |
| | : | |
| THOMAS VILSACK, | : | |
| Secretary of Agriculture, | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM OPINION

GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS

## I.   INTRODUCTION

This case involves Plaintiff's claims of discrimination, brought pursuant to Title VII of the Civil Rights Act of 1964, against his employer, the United States Department of Agriculture's ("USDA") Foreign Agriculture Service.  Discovery of facts in this case was originally set to conclude by May 29, 2020.  Scheduling Order, Nov. 19, 2019, ECF No. 9. Three years later, after a long struggle to complete discovery and depositions, Plaintiff seeks sanctions for Defendant's insufficient discovery responses and unprepared deponents.  For the reasons noted below, the Court grants in part and denies in part Plaintiff's motion.

## II.   FACTUAL BACKGROUND

The Court presumes familiarity with the factual and procedural background of this case, *see* Mem. Op. Denying Defendant's Mot. Judgment Pleadings at 2–4, ECF No. 22, and will only reiterate the facts relevant to the motion at hand.  Plaintiff filed this suit against his employer, the USDA, on July 19, 2019.  Complaint, ECF No. 1.  This Court set the close of discovery for May 29, 2020.  *See* Scheduling Order, Nov. 19, 2019.  On February 18, 2020, the Court granted

Defendant's motion to stay discovery, *see* Minute Order, Feb. 18, 2020, pending the resolution of Defendant's motion for judgment on the pleadings. *See* Def.'s Mot. Judgment Pleadings, ECF No. 13. That motion for judgment on the pleadings was denied on June 24, 2020. *See* Order Denying Mot. Judgment Pleadings, ECF No. 21; Mem. Op. Denying Mot. Judgment Pleadings, ECF No. 22. The Court set December 2, 2020, as the new discovery deadline. *See* Minute Order, Jul. 10, 2020.

The parties subsequently sought four extensions, all of which the Court granted, ultimately pushing the discovery deadline to August 16, 2021. *See* Minute Order, Nov. 10, 2020; Minute Order, Jan. 29, 2021; Minute Order, May 4, 2021; Minute Order, Jun. 23, 2021. On September 14, 2021, the parties reported that they had exchanged written discovery and six depositions had been taken. *See* Status Report, Sep. 14, 2021, ECF No. 34. During the September 2021 status conference, the Court met with the parties to discuss discovery issues. *See* Minute Entry, Sep. 21, 2021. During that conference, both parties acknowledged that Defendant had provided inadequately prepared deponents and that there was still outstanding written discovery. *See* Transcript, Sep. 21, 2021, ECF No. 36. The Court ordered that these deficiencies be remedied. *Id.*

The Court met with the parties again one month later to discuss updates on the inadequately prepared witnesses and discovery production. Transcript, Oct. 21, 2021, ECF No. 39. The Court noted its inclination to award fees should the delays continue. *Id.* 7:17–20. The issues remained unresolved. In another status conference, one month later, it became clear that discovery remained an open issue. Transcript, Nov. 22, 2021, ECF No. 37. The Court gave Plaintiff leave to file a motion for sanctions based on the delayed and incomplete discovery. *Id* at 9:18–22.

Plaintiff filed his first motion for sanctions on December 6, 2021. *See* Pl.'s Mot. Sanctions, ECF No. 38; Minute Order, Nov. 22, 2021. Defendant agreed to provide supplemental discovery responses and witnesses to cover six areas of deficient or unprovided discovery by January 2022. *See* Def.'s Opp'n Sanctions at 6–7, Dec. 20, 2021, ECF No. 40; Transcript 2:17–21, Feb. 3, 2022, ECF No. 42. Despite this proffered deadline, Defendant did not begin sending out supplemental discovery until February 2022. Transcript 3:2–3, Feb. 3, 2022. Following several status conferences and joint status reports, the Court ordered Defendant to cure any remaining inadequacies related to 30(b)(6) depositions through supplemental depositions. *See* Minute Order, Apr. 26, 2022.

Several more deadlines were set, and not met, for the remaining 30(b)(6) depositions to be completed. *See* Minute Order, Jun. 28, 2022; Minute Order, Aug. 2, 2022; Oct. 26, 2022; Minute Order, Nov. 28, 2022; Minute Order, Jan. 18, 2023. After nearly two years of dispute over incomplete, delayed, and inadequate discovery, Plaintiff once again filed for sanctions. *See* Pl.'s Mot. Sanctions, Apr. 7, 2023, ECF No. 55. Plaintiff seeks adverse inferences and preclusion of testimony and evidence pursuant to Fed. R. Civ. P. 37(b)(2)(A), as well as reasonable attorney fees and costs. *See id.* at 7–8.

For the reasons set forth below, the Court grants-in-part and denies-in-part Plaintiff's Motion for Sanctions.

### III.  ANALYSIS

The Federal Rules of Civil Procedure allow a court to impose sanctions for a party's failure to cooperate during the course of discovery. *See generally* Fed. R. Civ. P. 37. Rule 37 sets forth specific guidelines for the imposition of sanctions when a party fails to disclose information or witnesses, answer interrogatories, attend a deposition, or comply with a court

order.  Although the district court has broad discretion to impose sanctions under this rule, the central requirement is that "any sanction must be just."  *Bonds v. District of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996).  "The choice of sanction should be guided by the concept of proportionality between offense and sanction."  *Id.* (internal citation omitted).  If a district court chooses to grant sanctions under Rule 37 it must order the sanctioned party to pay attorney's fees and expenses incurred in making the motion, "unless the failure to comply was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(c).  The Court also has an inherent power to issue sanctions, including imposing "fines, awards of attorneys' fees and expenses, . . . ."  *Shepherd v. Am. Broadcasting Cos., Inc.*, 62 F.3d 1469, 1475 (D.C. Cir. 1995).  These sanctions are also anchored by proportionality.  *See id.* at 1479 (noting that "gravity of an inherent power sanction [must] correspond[] to the misconduct").  The Court denies Plaintiff's motion for adverse inference sanctions because Defendant's misconduct does not rise to the level warranting dispositive sanctions.  However, because monetary sanctions may be warranted, the Court invites Plaintiff to submit an accounting of reasonable attorney's fees and expenses resulting from Defendant's misconduct.

### A.  Adverse Inferences and Preclusion are Inappropriate

Sanctions that are dispositive of a case are a "sanction of last resort to be applied only after less dire alternatives have been explored without success."  *Shea v. Donohoe Contr. Co.*, 795 F.2d 1071, 1075 (D.C. Cir. 1986) (referring to dismissal of a case).  Some alternative sanctions, while not literally dismissal, may effectively amount to a default judgment.  *See, e.g., Hildebrandt v. Vilsack*, 287 F.R.D. 88, 98 (D.D.C. 2012) (denying requests to preclude discovery requests and deem certain facts established as effectively amounting to dismissal); *Bonds*, 93 F.3d at 808 (describing a preclusion order as "approach[ing] a default judgment in its severity").

4

Dispositive sanctions are appropriate only if "(1) the other party has been so prejudiced by the misconduct that it would be unfair to require the party to proceed further in the case; (2) the party's misconduct has put an intolerable burden on the court by requiring the court to modify its own docket and operations in order to accommodate the delay; or (3) the court finds it necessary to sanction conduct that is disrespectful to the court and to deter similar misconduct." *Cumis Ins. Soc'y v. Clark*, 318 F. Supp. 3d 199, 211 (D.D.C. 2018) (citing *Webb v. District of Columbia*, 146 F. 3d 964, 971 (D.C. Cir. 1996)). Although the Court shares Plaintiff's frustrations with the delays in this case, those delays do not meet the high bar that the D.C. Circuit has set for dispositive sanctions.

Plaintiff has requested evidentiary preclusions and several adverse inferences as sanctions for Defendant's delayed and inadequate discovery responses. *See* Pl.'s Mot. Sanctions, Apr. 7, 2023. These proposed sanctions bear on key elements of the claim and therefore amount to dispositive sanctions. The essential elements of a Title VII discrimination claim are that "(i) the plaintiff suffered an adverse employment action (ii) because of the plaintiff's race, color, religion, sex, national origin, age, or disability." *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008). Plaintiff requests the Court draw several adverse inferences, including that "[Plaintiff's] supervisors, Kimberly Cash and those involved in the obstruction of [Plaintiff's] security clearance engage[d] in a pattern of race discrimination in terms of the clearance process and misconduct allegations." Pl.'s Mot. Sanctions at 7–8, Apr. 7, 2023. Plaintiff also requests the Court infer that "[t]he USDA engaged in a pattern of disparate treatment in discipline and targeting African American employees for misconduct investigations." *Id.* at 8. If the Court infers a pattern of racial discrimination during Plaintiff's clearance process and misconduct allegations, then there is little else left of the case.

5

Although Defendant's conduct has wasted Plaintiff's time and resources, Plaintiff has not suffered the type of actual prejudice required for dismissing a case. "[T]he fact that the other party has incurred costs due to the malfeasance will not ordinarily be enough to warrant dismissal, since the court may order the guilty counsel to pay a designated amount to the party to cover his costs and inconvenience." *Shea*, 795 F.2d at 1075. Additionally, as Defendant notes, Plaintiff has received a substantial (if incomplete) amount of discovery, and Defendant has made some attempts to remedy insufficiencies. *See* Def.'s Opp'n Sanctions at 3–4, ECF No. 56; Joint Status Report, Nov. 25, 2022, ECF No. 51; Joint Status Report, Mar. 3, 2022, ECF No. 43.

Further, Defendant's conduct has not posed an intolerable burden on the Court. Intolerable burdens may arise where "the court's continued involvement in the discovery dispute would continue to call on far more resources into the future than the system should be required to allocate to the case." *Webb v. District of Columbia*, 146 F.3d 964, 975 (D.C. Cir. 1998). The present delays and discovery disputes are inconvenient, but the Court can manage the delays without prejudicing its own docket.

Finally, the Court does not find Defendant's conduct disrespectful enough to warrant adverse inferences as sanctions. Default under this category is inappropriate unless discovery failures rise "to the level of flagrant or egregious misconduct." *Id.* As noted above, Defendant has taken steps to supplement and remedy his discovery production. There are only a few areas left to be remedied, including some areas where Plaintiff has declined Defendant's offers of remediation. Additionally, the Court does not believe that adverse inferences are a proportional response to the present discovery misconduct. Instead, as noted below, the "less dire alternative" of monetary sanctions is appropriate here. *Shea*, 795 F.2d at 1075

### B. Monetary Sanctions are Appropriate

Plaintiff also seeks both attorney fees and court reporter fees associated with Defendant's delayed and inadequate discovery responses. The Court believes that these monetary sanctions are warranted as a less dire alternative to the adverse inferences and evidentiary preclusion Plaintiff seeks. *See, e.g., Parsi v. Daioleslam*, 778 F.3d 116, 130 (D.C. Cir. 2015) ("The District Court acted within its discretion in ordering the Appellants to pay for part of [witnesses'] redepositions and for the cost of preparing the corresponding sections of [Appellee's] sanctions motion."); *Davis v. D.C. Child & Family Servs. Agency*, 304 F.R.D. 51, 64 (D.D.C. 2014) (granting monetary sanctions against party that missed discovery deadlines and failed to provide appropriate responses to discovery requests); *3E Mobile, LLC v. Global Cellular, Inc.*, 222 F. Supp. 3d 50, 57 (D.D.C. 2016) (granting attorney's fees as monetary sanctions for late document production).

During the September 2021 status conference, Defendant acknowledged deficiencies in written discovery and in the inadequately prepared 30(b)(6) witnesses. *See* Transcript, Sep. 21, 2021. The Court directed that these deficiencies be remedied. *Id.* Further deficiencies followed this status conference, including inadequately prepared deponents and delayed written discovery responses. For example, in his opposition to Plaintiff's first Motion for Sanctions, Defendant stated that he would supplement written discovery responses in early January 2022. *See* Def.'s Opp'n Sanctions at 1, Dec. 12, 2021. But Defendant did not provide comparator files until February 2, and even then many were still outstanding. Transcript 2:1–3:11, Feb. 3, 2022. Further, after the February 3 status conference, the Court ordered that the 30(b)(6) depositions be scheduled no later than February 24, 2022. *See* Minute Order, Feb. 3, 2022. Over one year later, these depositions remain incomplete. *See* Joint Status Report at 2, Mar. 17, 2023, ECF No. 54

(Defendant acknowledging 30(b)(6) issue outstanding because "witness was unable to review all of the information provided to him . . . and thus was unable to answer some of the questions"). These deficiencies are the basis for monetary sanctions.  The Court will therefore grant Plaintiff's request for monetary relief based on the attorney fees and court reporter costs associated with the additional depositions and attempts to procure written discovery.

Plaintiff represents that he is prepared to provide a statement of his attorney fees and costs for review within five days of an Order granting the requested relief.  *See* Pl.'s Mot. Sanctions at 9.  The Court orders him to file a motion within thirty days of this order so that the parties have time to discuss a demand by Plaintiff in advance of that deadline in case the matter may be resolved without the court's intervention.  An accounting of these expenses should be based on reasonable attorney's fees and costs incurred by Plaintiff due to delays occurring after the status conference held on September 21, 2021.  *See* Minute Order, Sep. 21, 2021.[1]

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Discovery Sanctions (ECF No. 55) is **GRANTED IN PART** and **DENIED IN PART**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  November 21, 2023                                                                RUDOLPH CONTRERAS
                                                                                                            United States District Judge

---

[1] This accounting should not include the court reporter fees that Defendant has already paid.  *See* Joint Status Report at 1, Jun. 27, 2022, ECF No. 47 (noting that "[t]he Agency agreed to pay the Court reporter fees for the still unscheduled deposition dates, however the Agency did not agree to pay Plaintiff's attorney fees and other costs").